# EXHIBIT 1



**null / ALL**
**Transmittal Number: 18610716**
**Date Processed: 08/23/2018**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Sandra Adams<br>United Services Automobile Association<br>9800 Fredericksburg Rd<br>San Antonio, TX 78288-0002 |
| **Electronic copy provided to:** | Carmen Solis<br>Debra Brake<br>Jenna Meurer<br>Danielle Lopez<br>Ruby Esquivel |

| | |
|---|---|
| **Entity:** | USAA Casualty Insurance Company<br>Entity ID Number  3692525 |
| **Entity Served:** | USAA Casualty Insurance Company |
| **Title of Action:** | Lisa Kristin Stanislaw vs. USAA Casualty Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | King County Superior Court, Washington |
| **Case/Reference No:** | 18-2-20254-0 SEA |
| **Jurisdiction Served:** | Washington |
| **Date Served on CSC:** | 08/23/2018 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | WA Insurance Commissioner on 08/16/2018 |
| **How Served:** | Certified Mail |
| Sender Information: | Melissa D. Carter<br>206-682-0300 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**STATE OF WASHINGTON**



**MIKE KREIDLER**
STATE INSURANCE COMMISSIONER

www.insurance.wa.gov

**OFFICE OF**
**INSURANCE COMMISSIONER**

Certificate number **17922** is being issued to certify that the Insurance Commissioner of the State of Washington (OIC) has **ACCEPTED** service of process in the matter below.

| | |
|---|---|
| Date Service of Process Accepted: | 08/16/2018 |
| Certificate Issued: | 08/17/2018 |
| Issued By: | Jennifer Rhodes |
| Certificate Type: | First Attempt |
| Certified Mailing Number: | 70180680000047178760 |
| Service Requested Upon: | USAA CASUALTY INSURANCE COMPANY CORPORATION SERVICE COMPANY 300 DESCHUTES WAY SW SUITE 304 TUMWATER, WA 98501 US |
| Authorized in Washington: | Yes |
| Attorney Details: | MELISSA D CARTER ADLER GIERSCH, P.S. 333 TAYLOR AVE N SEATTLE, WA 98109 US (206) 682-0300 |
| Case Number: | 18-2-20254-0 SEA |
| Plaintiff: | LISA KRISTIN STANISLAW, |
| Defendant: | USAA CASUALTY INSURANCE COMPANY, |
| Documents: | CASE INFORMATION COVER SHEET AND AREA DESIGNATION ORDER SETTING CIVIL CASE SCHEDULE SUMMONS ON COMPLAINT FOR DAMAGES COMPLAINT FOR DAMAGES |
| Copies Sent To: | MELISSA D CARTER USAA CASUALTY INSURANCE COMPANY |

Insurance Commissioner
**ACCEPTED SOP**

AUG 1 6 2018

TIME: **2pm**

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| Lisa Kristin Stanislaw | NO. 18-2-20254-0 SEA |
| VS | |
| United Services Automobile Association | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

CAUSE OF ACTION

**(TMV) -**     NON-DEATH INJURIES (TMV 2)

AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

Insurance Commissioner
**ACCEPTED SOP**

**AUG 1 6 2018**

TIME: **2 pm**

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Lisa Kristin Stanislaw | NO.   18-2-20254-0 SEA |
| Plaintiff(s), | ORDER SETTING CIVIL CASE SCHEDULE |
| vs. | ASSIGNED JUDGE: Amini, Susan, Dept. 20 |
| United Services Automobile Association | FILED DATE: 8/10/2018 |
| Respondent(s) | TRIAL DATE: 8/12/2019 |
| | SCOMIS CODE: *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.*** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

| | |
|---|---|
| PRINT NAME | SIGN NAME |

<b>I. NOTICES  (continued)</b>

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING<u> AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

<b>King County Local Rules are available for viewing at <u>www.kingcounty.gov/courts/clerk.</u></b>

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 8/10/2018 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR2.1(a) and Notices on page 2]. **$220 Arbitration fee must be paid** | 1/18/2019 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on page 2] | 1/18/2019 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)] | 2/1/2019 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)] | 3/11/2019 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [KCLCR 26(k)] | 4/22/2019 |
| | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)] | 5/6/2019 |
| | **DEADLINE** for Change in Trial Date [See KCLCR 40(e)(2)] | 5/6/2019 |
| | **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)] | 6/24/2019 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR16(b)] | 7/15/2019 |
| | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)] | 7/22/2019 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 7/22/2019 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56;CR56] | 7/29/2019 |
| √ | Joint Statement of Evidence [See KCLCR 4(k)] | 8/5/2019 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusion of Law with the Clerk) | 8/5/2019 |
| | Trial Date [See KCLCR 40] | 8/12/2019 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   8/10/2018

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the

Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS  OF THIS ORDER MAY RESULT IN DISMISSAL  OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER  SHALL  FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING JUDGE**

Insurance Commissioner

**ACCEPTED SOP**

**AUG 1 6 2018**

TIME: **2pm**

## COURT OF WASHINGTON FOR COUNTY OF KING

LISA KRISTIN STANISLAW,

    Plaintiff

             vs

USAA CASUALTY INSURANCE
COMPANY,

    Defendant

NO. 18-2-20254-0 SEA

SUMMONS ON COMPLAINT FOR
DAMAGES

To:    USAA Casualty Insurance Company:

    A lawsuit has been started against you in the above-entitled court by the above-named Plaintiff.  Her claims are stated in the written complaint, a copy of which is served upon you with this summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff within twenty (20) days after service of this summons, excluding the date of

SUMMMONS ON COMPLAINT- 1

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA  98109
Tel (206) 682-0300
Fax (206) 224-0102

service, or a default judgment may be entered against you without notice. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time. This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated: August 10, 2018

ADLER GIERSCH PS

s/ Melissa D. Carter
MELISSA D. CARTER
WSBA # 36400
Adler Giersch ps
333 Taylor Ave N
Seattle, WA 98109
Telephone: (206) 682-0300
Fax: (206) 224-0102
Email: mdcarter@adlergiersch.com

**File Response with:**                    **Serve a copy of your Response on:**

Clerk of the Court                          Melissa D. Carter
                                            Adler Giersch ps
                                            333 Taylor Ave N
                                            Seattle, WA 98109

SUMMMONS ON COMPLAINT- 2

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA 98109
Tel (206) 682-0300
Fax (206) 224-0102

Insurance Commissioner
ACCEPTED SOP

AUG 1 6 2018

TIME: 2PM

1

2

3

4

5

6

7

8

**COURT OF WASHINGTON FOR COUNTY OF KING**

9

10

11

12

13

14

15

16

| LISA KRISTIN STANISLAW,<br><br>Plaintiff<br><br>vs<br><br>USAA CASUALTY INSURANCE<br>COMPANY,<br><br>Defendant | NO.   18-2-20254-0 SEA<br><br>COMPLAINT FOR DAMAGES |

17

18

19

20

21

22

23

24

Lisa Kristin Stanislaw, by and through her attorneys of record, Melissa D. Carter of Adler Giersch PS, for cause of action for personal injuries against Defendant USAA Casualty Insurance Company ("USAA"), complains and alleges as follows:

I. PARTIES

1.1     Plaintiff Lisa Kristin Stanislaw (hereinafter, "Kristin Stanislaw") is a single woman who at all relevant times was a resident of Seattle, King County, Washington.

25

26

27

COMPLAINT FOR DAMAGES - 1

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA 98109
Tel (206) 682-0300
Fax (206) 224-0102

1.2     Defendant USAA Casualty Insurance Company ("USAA") is a foreign corporation engaged in the business of selling insurance in King County, Washington.

1.3     At all material times, Defendant USAA was an insurance company licensed to sell automobile insurance in the state of Washington and maintained offices in King County, Washington.

1.4     The registered agent for Defendant USAA is located at the Office of the Insurance Commissioner, Service of Process, P.O. Box 40257, Olympia, Washington 98504-0257, 5000 Capitol Blvd, Tumwater, Washington 98501.

1.5     The contract of insurance between the Plaintiff and Defendant was executed in King County, Washington.

## II. JURISDICTION AND VENUE

2.1     All acts hereinafter alleged occurred within the County of King, State of Washington, and this Court has jurisdiction over this cause.

2.2     Venue is proper in the Superior Court, County of King, State of Washington.

## III. FACTS

3.1     On or about August 5, 2014, Plaintiff Kristin Stanislaw was traveling northbound on Elliot Ave W in Seattle, Washington in the far right exit lane for Magnolia-bound traffic.  In that location, Elliot Ave W was a multi-lane highway that consisted of two southbound lanes, a turn lane, and three northbound lanes.  The far right northbound lane, in which Ms. Stanislaw was traveling, was an "Exit Only" lane for motorists accessing the Magnolia Bridge.  Traffic in the first two northbound lanes was

COMPLAINT FOR DAMAGES - 2

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA  98109
Tel (206) 682-0300
Fax (206) 224-0102

heavy and blocked, but vehicles in Ms. Stanislaw's "Exit Only" lane were traveling at or above the 45 mile per hour speed limit.

3.2    At the same time, underinsured motorist Brian Ahrens was traveling southbound on Elliot Ave W, and wished to turn left across the three northbound lanes, to access a pizza restaurant. The first two northbound lanes of jammed traffic opened up for Mr. Ahrens, but he neglected to check for traffic coming at full speed in the Exit Only lane. Mr. Ahrens turned directly into the path of Ms. Stanislaw's vehicle, causing her to strike his vehicle head on. Ms. Stanislaw's vehicle was totaled as a result.



3.3    The Seattle Police Department responded to the 911 calls and cited Mr. Ahrens for failing to yield the right of way on a left turn.

3.4    Plaintiff Kristin Stanislaw suffered serious injuries and damages as a result

COMPLAINT FOR DAMAGES - 3

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA 98109
Tel (206) 682-0300
Fax (206) 224-0102

1  of the motor vehicle collision.   In addition to other injuries, Ms. Stanislaw sustained

2  Burning Mouth Syndrome from the collision, which impacted her ability to talk and

3  ultimately impaired her ability to continue working as a Brand Manager for her company.

4  Ms. Stanislaw is now unable to work and requires ongoing medical care to manage her

5  symptoms caused by the collision.

6        3.5     Mr. Ahrens carried liability insurance with Allstate Insurance, with just

7  $100,000.00 bodily injury limits in effect at the time of this collision.

8        3.6     Allstate accepted full liability and tendered the liability policy limits of

9  $100,000.00 to Plaintiff Kristin Stanislaw on or about July 5, 2017.

10        3.7     Plaintiff's settlement with the underinsured driver/registered owner for the

11  policy limits of $100,000.00 did not make her whole.

12        3.8     At the time of the August 5, 2014 motor vehicle collision, Plaintiff Kristin

13  Stanislaw carried underinsured motorist coverage in the amount of $1,000,000.00 with

14  Defendant USAA under policy number 01005 84 77C 7101 0 ("the Policy.").

15        3.9     On or about July 12, 2017, Defendant USAA waived its rights to buy out

16  the third party claim and permitted Ms. Stanislaw to settle with the underinsured driver

17  for the third party liability limits.

18        3.10    Pursuant to the Policy, Defendant USAA is contractually obligated to pay

19  for all damages Plaintiff is legally entitled to recover from the underinsured motorist in

20  excess of the underinsured driver's policy limits of $100,000.00, up to the Underinsured

21  Motorist (UIM) limits of the Policy of $1,000,000.00.

22        3.11    On September 12, 2017, Plaintiff submitted her 30-day deadline, policy

COMPLAINT FOR DAMAGES - 4

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA 98109
Tel (206) 682-0300
Fax (206) 224-0102

limits Underinsured Motorist settlement demand to Defendant USAA. The demand letter was 52 pages long, and was accompanied by 998 pages of supporting records that included medical documentation and past bills exceeding $137,209.00, multiple narrative medical reports confirming causation between the subject collision and the injuries, loss of income statements, vocational assessments, an economic loss report exceeding $2,000,000.00, a 30-minute DVD with 4 witness testimonials, and an additional 700+ pages compiling Ms. Stanislaw's 25-year successful vocational history, via personnel records, with one company.

3.12   USAA responded to the demand that it needed more time to review the materials, which Ms. Stanislaw permitted.

3.13   In the meantime, Ms. Stanislaw continued to present medical bills related to treatment for her injuries from the collision under her PIP benefits from the same USAA policy. USAA hired a records reviewer to determine if Ms. Stanislaw's medical treatment was reasonable, necessary, and related to the collision, and determined that it was indeed all related. USAA paid the full PIP limits for related medical care expenses of $100,000.00. Ms. Stanislaw's related medical expenses continued to accrue after this.

3.14   On November 17, 2017, USAA responded to Ms. Stanislaw's settlement demand with an insufficient offer in the amount of $108,515.00 to resolve the UIM claim in its entirety, without having conducted a full medical records review, without asking for an Insurance Medical Examination, and without even asking to interview its insured. At that point, the only relevant "medical records review" in Ms. Stanislaw's file was a report from a hired dental specialist, Michele Schultz, DMD, who opined in a private letter to

COMPLAINT FOR DAMAGES - 5

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA 98109
Tel (206) 682-0300
Fax (206) 224-0102

USAA on August 28, 2017 that Ms. Stanislaw's Burning Mouth Syndrome and nerve pain in the neck and jaw originated from the August 5, 2014 collision and USAA paid her pending medical bills in full, up to her limit of $100,000.00, as a result.  Despite knowing this, USAA offered just $108,515.00 on November 16, 2017 to resolve Ms. Stanislaw's severe injury UIM claim, essentially compelling its insured to initiate or submit to litigation to recover amounts due to her under her policy.

3.15    On December 14, 2017, USAA retained private counsel who reached out to Ms. Stanislaw's counsel to ask for medical records dating back more than 20 years, for her deposition and for Insurance Medical Examinations to complete USAA's investigation of her UIM claim.  Ms. Stanislaw agreed and cooperated with the request.

3.16    USAA took another two months to conduct the deposition of Kristin Stanislaw, which concluded after two days of testimony on February 23, 2018.  Due to her documented injuries, including Burning Mouth Syndrome, Ms. Stanislaw experienced extreme pain during the two days of testimony by being forced to talk for multiple hours. Nevertheless, she cooperated.

3.17    Nine months after she submitted her demand time-sensitive, 30-day demand, USAA finally arranged for the Insurance Medical Examinations to go forward. Ms. Stanislaw complied and attended 4 exams, one of which was joint with two different providers, all in June, 2018.

3.18    USAA's hired doctors concluded that Ms. Stanislaw does indeed suffer from Burning Mouth Syndrome, a serious condition that is permanent, causes debilitating pain, and is exacerbated by talking.  USAA's own hired doctor opines that Ms. Stanislaw

COMPLAINT FOR DAMAGES - 6

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA  98109
Tel (206) 682-0300
Fax (206) 224-0102

will not be able to work because of her significant disability caused by the Burning Mouth Syndrome.

3.19    Eleven months after Ms. Stanislaw submitted a detailed settlment demand to resolve her UIM claim, and after forcing Ms. Stanislaw to provide records that span back more than 20 years, forced her to testify for two days, and made her submit herself to four instrusive medical examinations, USAA increased its UIM settlement offer to $125,000.00, a $17,000.00 increase.  USAA provided no explanation for this unreasonably low settlement offer.

3.20    USAA's offer to resolve Ms. Stanislaw's UIM claim does not cover her related medical expenses, future medical expenses, related past and future lost earning capacity, or her related pain and suffering directly caused by the subject motor vehicle collision.

3.21    USAA failed to conduct a prompt or reasonable investigation into Ms. Stanislaw's UIM claim.

3.22    USAA's position requires that Ms. Stanislaw incur fees and costs in filing a lawsuit against her own insurance company to determine the fair and reasonable value of her Underinsured Motorist claim.

### III.    CAUSES OF ACTION

4.1    Plaintiff re-asserts and re-alleges paragraphs 1.1 through 3.22 set forth above, herein.

4.2    Defendant's actions constitute a breach of the Policy, per the express and

COMPLAINT FOR DAMAGES - 7

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA  98109
Tel (206) 682-0300
Fax (206) 224-0102

implied terms of the contract with Plaintiff, a long-time USAA insured.

4.3    As a proximate result of Defendant's breaches, the Plaintiff has suffered injuries and damages as a result of Defendant's breach of contract.

4.4    Defendant's actions are also negligent and in violation of its duty to exercise reasonable care, good faith and fair dealing towards its insured, including a violation of RCW 48.30.010, et seq.  Among other acts, Defendant negligently failed to effectuate a prompt, fair and equitable settlement of Plaintiff's Underinsured Motorist claims according to the terms of the Policy, and forced its insured to submit this matter to litigation to recover amounts due to her under the Policy.

4.5    Plaintiff has suffered injuries and damages as a result of Defendant's negligence.

## V. UNIFORM HEALTH CARE ACT

5.1    Pursuant to RCW 5.60.060(4) and the provisions of the Uniform Health Care Information Act, RCW 42.17 and RCW Chapter 70, the Plaintiff waives the physician/patient privilege 90 days from the date this complaint was filed, to the extent necessary to place any and all alleged damages at issue at the time of trial, and as might be required by any act or statute or case law interpreting the same in the State of Washington. In doing so, Plaintiff does not waive her right to seek a protective order or otherwise oppose objectionable medical discovery.  Plaintiff's waiver is further conditioned and limited as follows:

a.    The Plaintiff does not waive her constitutional right of privacy;

COMPLAINT FOR DAMAGES - 8

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA  98109
Tel (206) 682-0300
Fax (206) 224-0102

b.     The Plaintiff does not authorize the Defendant or Defendant's representative to contact her health care providers without notice to counsel, after which they may only be contacted in a manner with complies with the Uniform Health Care Information Act and HIPAA, in proceedings further authorized by the Rules of Civil Procedure subject to any provisions which may be established by this court.

## VI. PRAYERS FOR RELIEF

Wherefore, Plaintiff Kristin Stanislaw requests judgment against the Defendant USAA as follows:

6.1     For general damages already incurred and future general damages, in an amount now unknown, which will be proved at the time of trial;

6.2     For medical and other treatment expenses incurred and for future medical expenses and other treatment expenses and other costs, in an amount now unknown, which will be proved at the time of trial;

6.3     For loss of earnings and/or earning capacity;

6.4     For damage to, loss of, or loss of use of Plaintiff's personal property;

6.5     For additional travel expenses;

6.6     For reasonable attorneys fees and costs incurred herein:

6.7     For prejudgment interest;

6.8     For such other and further relief as this Court may deem just and equitable in this cause.

COMPLAINT FOR DAMAGES - 9

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA  98109
Tel (206) 682-0300
Fax (206) 224-0102

1    Dated: August 10, 2018

2

3

4
                                        ADLER GIERSCH PS
5

6
                                        /S/ Melissa D. Carter
7                                       Melissa D. Carter
                                        WSBA # 36400
8                                       Adler Giersch ps
                                        333 Taylor Ave N
9                                       Seattle, WA  98109
                                        Telephone: (206) 682-0300
10                                      FAX:  (206) 224-0102
                                        mdcarter@adlergiersch.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                                              ADLER GIERSCH, P.S.
                                                  Attorneys at Law
     COMPLAINT FOR DAMAGES - 10                333 Taylor Avenue North
26                                                Seattle, WA  98109
                                                  Tel (206) 682-0300
                                                  Fax (206) 224-0102
27



**OFFICE OF THE INSURANCE COMMISSIONER**

P.O. BOX 40258
OLYMPIA, WA 98504-0258

155

7018 0680 0000 4717 8760

FIRST CLASS

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 98501   $ 005.08⁰
02 4W
0000354556 AUG. 17. 2018

USAA CASUALTY INSURANCE COMPANY
CORPORATION SERVICE COMPANY
300 DESCHUTES WAY SW SUITE 304
TUMWATER WA  98501